**Electronically Filed
Intermediate Court of Appeals
30237
08-JUN-2012
08:15 AM**

NO. 30237

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JAMES GREGORY BATCHELOR, Plaintiff-Appellant,
v.
MISAKO NAKAMURA BATCHELOR, Defendant-Appellee.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(FC-DIVORCE NO. 08-1-1183)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Plaintiff-Appellant James Gregory Batchelor (James) appeals from the Divorce Decree filed on November 13, 2009 in the Family Court of the First Circuit (family court).[1]

On appeal, James raises two points of error. First, James contends that the family court erred in denying his "Plaintiff's Motion for Partial Summary Judgment" (MPSJ) in which he sought, among other things, dissolution of the marriage. He contends that pursuant to Hawai'i Family Court Rules (HFCR) Rule 56 and Hawaii Revised Statutes (HRS) § 580-42, he was entitled as a matter of law to an immediate decree dissolving the marriage, although other parts of the divorce case remained pending. Related to this argument is his contention that in the court's "Findings of Fact and Conclusions of Law" (FOF/COL), filed on

---

[1] The Honorable Paul T. Murakami issued the Decree.

January 26, 2010, the family court erred in its Findings of Fact (FOFs) 6-8 and Conclusions of Law (COLs) 1, 2 and 3.

In his second point of error, James asserts that the family court abused its discretion in granting Defendant-Appellee Misako Nakamura Batchelor's (Misako) "Motion for an Award of Rule 68 Attorney Fees and Other Sanctions" (Rule 68 Motion). Related to this point of error, James contends that the family court erred in its FOFs 9 and 10 and COL 4.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve James's points of error as follows:

(1) As James points out, both he and Misako admitted in their pleadings, and the family court found, that the marriage was irretrievably broken. James contends that the family court improperly declined to grant his MPSJ based on its determination that "compelling circumstances" are required to grant a divorce before deciding the other parts of the divorce case -- child custody, visitation, and support; spousal support; and division/distribution of property and debts. James asserts that the "compelling circumstances" requirement should be overruled. Even though the subsequent Divorce Decree already dissolved the marriage and the issue is arguably moot, James asserts this court should consider whether the family court properly applied a "compelling circumstances" standard under an exception to the mootness doctrine; that is, the alleged error is capable of repetition, yet evading review.

The family court filed the Divorce Decree on November 13, 2009 and thereby granted a divorce to the parties. Moreover, the Hawai'i Supreme Court recently ruled on the question James has raised. In Kakinami v. Kakinami, 125 Hawai'i 308, 314, 260 P.3d 1126, 1132 (2011), the court held that pursuant to HRS § 580-47(a), "good cause" is the appropriate

2

standard for bifurcating the dissolution of marriage from the remaining parts of a divorce case. The "compelling circumstances" recommendation in Eaton v. Eaton, 7 Haw. App. 111, 118, 748 P.2d 801, 805 (1987), is mere *dicta* and does not supplant the "good cause" standard. Kakinami, 125 Hawai'i at 314, 260 P.3d at 1132.

Because the family court has granted a decree of divorce to the parties, James has identified no consequences associated with the family court not granting a decree of divorce at the time that James requested it, and the issue which James raises in this appeal has been reviewed and resolved by Kakinami, James's first point of error is moot.

(2) In an order filed on July 7, 2009, the family court granted Misako's HFCR Rule 68 Motion and awarded Misako $1,039.27 in attorney's fees.[2]

Rule 68 provides in relevant part:

**Rule 68. OFFER OF SETTLEMENT.**

At any time more than 20 days before any contested hearing held pursuant to HRS sections 571-11 to 14 (excluding law violations, criminal matters, and child protection matters) is scheduled to begin, any party may serve upon the adverse party <u>an offer to allow a judgment to be entered</u> to the effect specified in the offer. . . . If the judgment in its entirety finally obtained by the offeree is patently not more favorable than the offer, the offeree must pay the costs, including reasonable attorney's fees incurred after the making of the offer . . . .

(Emphasis added). Misako's purported Rule 68 offer, a letter from her counsel to James's counsel, states:

[Misako] has authorized me to make an offer of settlement regarding your [MPSJ] pursuant to Rule 68 . . . , with all the ramifications that flow from its acceptance or non-acceptance. This offer shall be deemed withdrawn at the end of the tenth (10th) day following your receipt of it if [James] does not accept it. . . .

. . . .

---

[2] The Honorable Jennifer L. Ching issued the order granting the Rule 68 Motion.

3

> <u>[Misako's] Rule 68 offer, as to the [MPSJ], is that
> you withdraw the [MPSJ], thus obviating the need for having
> to prepare for the hearing on May 6, 2009 and avoiding the
> needless expenditure of attorney fees and costs.</u>
>
> Frankly, [the family court] looked skeptical when you
> were describing your [MPSJ], and I also do not believe that
> it will be granted. We have trial set in this case, and if
> we are unable to settle, then that is when orders should be
> made regarding the final disposition of this case.

(Emphasis added). The letter did not include "an offer to allow a judgment to be entered[.]" Hence, Misako's purported offer did not meet the requirements of HFCR Rule 68.

Therefore,

IT IS HEREBY ORDERED that the portion of the family court's July 7, 2009 "Order Re: Defendant's Motion for an Award of Rule 68 Attorney Fees and Other Sanctions" awarding Misako $1,039.27 in attorney fees and costs pursuant to HFCR Rule 68, is reversed.

DATED: Honolulu, Hawai'i, June 8, 2012.


On the briefs:

Steven J. Kim
(Law Office of Steven J. Kim)
for Plaintiff-Appellant

Chief Judge

Associate Judge

Associate Judge

4